## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVAN CHACE, | : | CIVIL ACTION NO.: |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE AMERICAN AUTOMOBILE | : | |
| ASSOCIATION INC.,[1] | : | |
| | : | |
| Defendant. | : | SEPTEMBER 22, 2022 |

### NOTICE OF REMOVAL

**TO:   THE UNITED STATES DISTRICT COURT FOR THE
       DISTRICT OF CONNECTICUT**

Defendant AAA Club Alliance Inc. hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the District of Connecticut (the "Court") based on diversity of citizenship between the parties, and as grounds therefore states:

### BACKGROUND ON THE PARTIES AND THE TIMELINESS OF REMOVAL

1.      On or about August 23, 2022, Plaintiff Evan Chace ("Plaintiff") filed a complaint against The American Automobile Association, Inc., in the Superior Court of Connecticut, Judicial District of New Britain, Docket No. HHB-CV22-6074679-S. The American Automobile Association, Inc., was not the Plaintiff's employer, and is an improper defendant. Rather, Plaintiff was employed by AAA Club Alliance Inc. ("ACA").

2.      Counsel for ACA contacted Plaintiff's counsel, and following discussions Plaintiff's counsel agreed to file a substitute complaint naming ACA as the only defendant, and dismissing The American Automobile Association, Inc. from the complaint.

---

[1] As noted below, The American Automobile Association, Inc. was not plaintiff's employer, and is not a proper defendant in this action. Rather, Plaintiff was employed by AAA Club Alliance Inc., and the undersigned represents AAA Club Alliance Inc.

3.      On August 24, 2022, Plaintiff filed a "Motion to Cite Additional Party" with the Superior Court, to which Plaintiff annexed a "Proposed Amended Complaint" that removes The American Automobile Association, Inc. as a defendant, and names AAA Club Alliance Inc. as the only defendant. As of the date of this removal, the Superior Court has yet to rule on that motion.

4.      Plaintiff served The American Automobile Association, Inc., on or about August 22, 2022. Plaintiff has yet to serve ACA. However, ACA became aware of the lawsuit and Plaintiff's Proposed Amended Complaint against ACA on or about August 23, 2022.

5.      ACA files this Notice of Removal with the expectation that the Court will grant Plaintiff's Motion to Substitute Party, which ACA does not oppose, and that the Proposed Amended Complaint will be the operative complaint so that ACA will be the only named defendant in this matter.

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on The American Automobile Association, Inc., which is the day before ACA even became aware of the Proposed Amended Complaint naming ACA as a defendant.[2]

7.      Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Complaint, Statement of Amount in Demand, Appearance, Return of Service, and Plaintiff's Motion to Cite Additional Party and Proposed Amended Complaint are attached hereto as **Exhibit A**. These are the only process, pleadings, or orders known by ACA to have been served in this action.

---

[2] Again, the undersigned does not represent The American Automobile Association, Inc., and, it is not a proper defendant in this action. However, ACA is filing this Notice of Removal within 30 days of service on The American Automobile Association, Inc., and prior to the Court ruling on Plaintiff's Motion to Cite Additional Party, to ensure the removal is filed within 30 days of ACA becoming aware of the basis for this District's Court jurisdiction.

## VENUE

8.      The Superior Court of Connecticut, Judicial District of New Britain is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

9.      This action is properly removable under 28 U.S.C. §1441(a) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...."

## COMPLETE DIVERSITY

10.     Plaintiff is a resident of New Britain, Connecticut. See Compl., ¶ 1.

11.     ACA is the correct defendant in this action, and Plaintiff has already filed a Proposed Amended Complaint naming ACA as the sole defendant. As such, ACA's citizenship is relevant to whether the parties are diverse for the purposes of this removal.

12.     Because ACA is a corporation, its citizenship for purposes of diversity jurisdiction is the "state [...] by which it has been incorporated and of the State [...] where it has its principal place of business . . . . " 28. U.S.C. Sec. 1332 (c)(1). Moreover, [f]or diversity purposes, a corporation may only have one principal place of business. *Royal Ins. Co. of Am. v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996).

13.     Defendant ACA is incorporated and has its principal place of business in Delaware. Defendant ACA is a citizen of the state of Delaware.

14.     Thus, complete diversity exists for purposes of jurisdiction conferred by 28 U.S.C. §

3

1332(a).

## AMOUNT IN CONTROVERSY

15.     Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

16.     The Complaint alleges that Defendant terminated Plaintiff's employment as an act of retaliation for expressing concerns about unsafe workplace conditions. (Compl., ¶ 11, 12).

17.     The Complaint seeks damages for alleged "loss of compensation, including lost wages and lost employment benefits." (Compl., ¶ 13). The Complaint also alleges that Plaintiff has suffered emotional distress. (Compl., ¶ 14). The Plaintiff's prayer for relief seeks monetary damages, front pay or reinstatement, and other such relief allowable by law. *See* Complaint, Prayer for Relief.

18.     In accordance with Connecticut Practice, Plaintiff's Claim For Relief "requests damages 'in excess of $15,000.'" *Baron v. Maxam North America, Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012).  Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id*. (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

19.     Because a wrongful discharge claim "sounds in tort," Plaintiff may seek compensatory damages, among other relief. *Anderson Grp., LLC v. City of Saratoga Springs,* 805 F.3d 34, 52 (2d Cir. 2015); *see also Howard v. Flagstar Bank*, No. 3:19-CV-01071 (SVN), 2022 WL 1185729, at *16 (D. Conn. Apr. 20, 2022).

20.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although ACA does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper

because based upon the preponderance of the evidence, the amount in controversy could reasonably exceed the sum or value of $75,000.00, exclusive of interest and costs, given that Plaintiff will presumably pursue back wages and compensatory damages relating to his claims.

## **CONCLUSION**

21.    To date, ACA has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

22.    Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have been served upon all adverse parties and upon the Clerk of the State Court.

23.    By removing this matter, ACA does not waive or intend to waive any defense that may be available to it.

**WHEREFORE**, ACA respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of New Britain, to the United States District for the District of Connecticut.

**DEFENDANT,**
**AAA CLUB ALLIANCE INC.**

By: */s/ William C. Ruggiero*
William C. Ruggiero (CT29248)
william.ruggiero@ogletreedeakins.com
Chelsea R. Sousa (CT30991)
chelsea.sousa@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT  06901
Phone: 203.969.3102
Fax: 203-969-3150

Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 22nd day of September, 2022, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

*/s/ William C. Ruggiero*
William C. Ruggiero