UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVAN CHACE, | : | CIVIL ACTION NO. |
| | : | 3:22-cv-01195-JAM |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AAA CLUB ALLIANCE, INC. | : | |
| | : | |
| Defendant. | : | June 28, 2023 |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SANCTIONS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 45(a)1, Defendant AAA Club Alliance, Inc. ("ACA") respectfully submits this Motion for Summary Judgment seeking complete dismissal of Plaintiff Evan Chace's Amended Complaint (Doc. #18, the "Amended Complaint") advancing one count of common law wrongful discharge. ACA also respectfully requests that this Court enter an order awarding ACA its costs and fees expended seeking discovery from Hartford Hospital and Middlesex Health, as a sanction for Mr. Chace's dishonesty during his deposition.

As set forth further in the accompanying Memorandum of Law and Local Rule 56(a)(1) Statement of Undisputed Material Facts in support of this Motion for Summary Judgment, ACA is entitled to summary judgment on all of Mr. Chace's counts and claims because the undisputed evidence, even taken in the light most favorable to Mr. Chace, shows that there is no genuine dispute of material facts warranting trial. ACA terminated Mr. Chace from his position as a Battery Truck Operator after he was threatening and aggressive towards another ACA driver named Joel Gonzalez. Mr. Chace admits to pushing Mr. Gonzalez during the incident. During its investigation into Mr. Chace's misconduct, ACA obtained seven witness statements. Those witness statements

1

corroborated that Mr. Chace was the aggressor and engaged in threatening conduct. ACA does not tolerate violent and aggressive behavior, so it terminated Mr. Chace's employment.

Under the circumstances, Mr. Chace cannot establish a *prima facie* case of common law wrongful discharge. [1] For one, he did not engage in conduct protected by Conn. Gen. Stat. § 31-49, which provides, inter alia, that employers must provide employees a "reasonably safe place in which to work…." To establish § 31-49 protected conduct, Mr. Chace has the burden of establishing he was "discharged for refusing to work under conditions that pose a substantial risk of death, disease or serious physical harm ...." *Parsons v. United Techs. Corp., Sikorsky Aircraft Div.*, 243 Conn. 66, 80 (1997). The record is devoid of evidence that Mr. Chace refused to work in unsafe working conditions, or that he was exposed to an objectively substantial risk of death, disease, or serious bodily injury. This deficiency, standing alone, is grounds to grant ACA's Motion.[2]

The Amended Complaint is also premised on false allegations. According to the Amended Complaint, "in or around January 2022, the fleet manager, Glenn [Chamberland] began threatening to kill [Mr. Chace] on a regular basis," and that Mr. Chace was terminated for reporting that allegation. Amended Compl., ¶¶ 6-12. Contrary to these allegations, Mr. Chace testified at deposition that Mr. Chamberland never threatened to kill him. Given that this is the only factual

---

[1] Courts apply a version of the burden shifting framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to Connecticut state law common law wrongful discharge claims. Under that framework, Mr. Chace has the initial burden of establishing a *prima facie* case by showing that he: (1) engaged in a protected activity; (2) that he was subsequently discharged; and (3) that there was a causal connection between the protected conduct and his termination. If Mr. Chace makes his *prima facie* case, the burden shifts to ACA to demonstrate a permissible reason for the termination. If ACA's burden is satisfied, the burden shifts back to Mr. Chace who bears the ultimate burden of proving by a preponderance evidence that ACA's reasons are pretext.

[2] Mr. Chace also has a statutory remedy to redress alleged violation of § 31-49 -- namely the enforcement provisions contained in Conn. Gen. Stat. § 31–50. This, standing alone, is grounds to dismiss the complaint. *See Perez v. Bridgeport Hosp.*, No. CV126009423S, 2012 WL 3667052, at *2 (Conn. Super. Ct. Aug. 3, 2012) (dismissing wrongful discharge claim premised on safe workplace public policy reflected in § 31-49, because § 31–50 provided an adequate statutory remedy).

allegation Mr. Chace advances in the Amended Complaint to support his allegation that ACA created an unsafe working environment, no genuine issues of material fact exist warranting a trial, and it remains unclear why Mr. Chace has not voluntarily dismissed his Amended Complaint. Regardless, Mr. Chace testified that he never refused to work with Mr. Chamberland, and never felt physically threatened by him. He falls far short of his burden of establishing § 31-49 protected conduct under *Parsons*.

Mr. Chace also fails to make a *prima facie* showing of a causal connection between his termination and § 31-49 protected conduct. Again, ACA terminated Mr. Chace for violating its policies prohibiting violent and threatening conduct, which is consistent with the public policy underlying § 31-49. Mr. Chace admits to physically pushing Mr. Gonzalez, and that ACA terminated his employment because it has a "zero tolerance" policy against workplace violence. One month prior to his termination, Mr. Chace received a written warning for violating ACA's attendance policy. That warning informed him that future policy violations may result in immediate termination of his employment. Mr. Chace is unable to point to any evidence suggesting ACA was motivated to retaliate against him for engaging in § 31-49 protected conduct. In fact, he admits his claims are based entirely on speculation.

For similar reasons, even if Mr. Chace establishes a *prima facie* case he cannot rebut ACA's legitimate business reasons to terminating his employment. It is well settled that Mr. Chace's speculation is insufficient for the purposes of creating an issue of fact warranting a trial. The Court should grant ACA's motion and dismiss the Amended Complaint.

The Court should also enter an order addressing Mr. Chace's dishonesty at his deposition, and award ACA its costs and fees associated with pursuing discovery related to Mr. Chace's dishonesty. During his deposition, ACA questioned Mr. Chace concerning the circumstances

surrounding his terminations from Hartford Hospital and Middlesex Health, as well as a lawsuit he filed against Hartford Hospital. Hartford Hospital was Mr. Chace's employer immediately prior to ACA, and Middlesex Health was his employer immediately following ACA. Mr. Chace testified untruthfully that: (1) Hartford Hospital did not terminate his employment; (2) Harford Hospital did not accuse him of using excessive force against a patient; (3) he never filed a lawsuit against Hartford Hospital; and (4) his termination by Middlesex Health was unrelated to allegations of inappropriate conduct made against him by female employees.

As a result of Mr. Chace's dishonesty, ACA was required to file a motion with this Court seeking additional time to obtain discovery from both entities. It also expended costs subpoenaing records, and time and fees obtaining and reviewing records. Under the circumstances, an appropriate sanction for Mr. Chace's dishonesty is an Order awarding ACA its costs and fees relating to taking discovery from Hartford Hospital and Middlesex Health. In addition, should the Court decline to grant ACA's Motion for Summary Judgment, the Court should permit ACA to inform the jury of Mr. Chace's dishonesty.

**WHEREFORE,** ACA respectfully requests that the Court grant this Motion, issue an order awarding summary judgment in favor of ACA on all counts and claims contained in the Amended Complaint, award ACA its costs and reasonable attorneys' fees and grant it such further relief as the Court deems just, and issue the sanctions described herein.

**DEFENDANT,**
**AAA CLUB ALLIANCE, INC.**

By: */s/ William C. Ruggiero*
William C. Ruggiero (CT29248)
will.ruggiero@ogletreedeakins.com
Chelsea R. Sousa (CT30991)
chelsea.sousa@ogleetreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT  06901
Phone: 203.969.3112
Fax: 203-969-3150
Its Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                          */s/ William C. Ruggiero*
                                          William C. Ruggiero

56982577.v1-OGLETREE